FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 10, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

                 Plaintiff,

    -vs-

NOCOMIE TOMIA MOORE,

                 Defendants.

No.    2:13-CR-0008-WFN-30

ORDER DENYING MOTION TO DISMISS

      An evidentiary hearing was held March 28, 2019.  The Defendant, who is in custody, was present and represented by Adam Pechtal; Assistant United States Attorney Russell Smoot represented the Government.  The Court heard testimony from Richard Meyer, Kevin Currie, Paterno Valdenor, Matthew Cordova, Mario Tovar, Scott Hershey, and Defendant.  Co-Defendants Fowler and Thompson were also present and represented by counsel, Richard Mount and Stanley Corbit for Fowler, and Ronald Van Wert for Thompson.

      Defendant Moore argues that the case against her should be dismissed for speedy trial violations. In evaluating a case for violation of the Defendant's speedy trial rights the Court must examine both the Speedy Trial Act as well as the whether any delay is constitutionally reasonable.  According to the Speedy Trial Act, the trial clock began to run in this case on August 29, 2018, the date of Ms. Moore's initial appearance and arraignment.

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence  within seventy days from the filing date (and making public) of the information or    indictment, or from the date the defendant has appeared before a judicial officer of  the court in which such  a charge  is pending, whichever date last occurs.

18:3161(c)(1).  The original trial setting was well within the 70 days of Ms. Moore's initial appearance.  The Court continued the trial on motion of the Defendant twice, each time

ORDER - 1

making findings that a continuance was required to serve the ends of justice. Consequently, there is no violation of the Speedy Trial Act.

Not only must the delay be justified by the Speedy Trial Act, any delay in trial date must also be constitutionally permissible. To determine whether the delay is reasonable, the Court makes "four separate inquiries: whether delay before trial was uncommonly long, whether the government or the criminal defendant is more to blame for that delay, whether, in due course, the defendant asserted his right to a speedy trial, and whether he suffered prejudice as the delay's result." *Doggett v. United States*, 505 U.S. 647, 651 (1992).

The delay from the Indictment to the date of Defendant's arrest was uncommonly long. The Indictment was filed on January 25, 2013; Defendant's initial appearance was held on August 29, 2018. Over five years elapsed between the Indictment and Defendant's appearance in the district.

Though the Government could have been more dogged searching for Defendant, the Defendant is more to blame for the delay. *Dogget* requires that that Government not exhibit negligence in apprehending a fugitive defendant. However, "[t]here is no requirement that law enforcement officials make heroic efforts to apprehend a defendant who is purposefully avoiding apprehension." *United States v. Sandoval*, 990 F.2d 481, 485 (9th Cir. 1993) (internal citation omitted). "A true fugitive, whose location is unknown, or who is successfully resisting government efforts to bring him into the jurisdiction, will not be able to obtain dismissal of an indictment. This is as it should be. Otherwise, the courts would be sanctioning the playing of games by fugitives." *United States v. Salzmann*, 548 F.2d 395, 404 (2d Cir.1976)

Defendant should have been aware that a there was an outstanding warrant for her arrest. Law enforcement executed simultaneous search warrants for many of the 62 defendants in the Indictment, including Defendant Moore's residence. Though Defendant Moore was not home at the time of the search, the officers executing the search warrant left paperwork behind at the Defendant's home. Several defendants, including Defendant Moore, were members or affiliates of the Eight Trey Gangster Crips. In the days

following the take down, officers also searched places where the Eight Treys were known to congregate. They questioned many people to track down all fugitives. Lieutenant Meyer testified that every Eight Trey member or affiliate he interviewed was aware of the Indictment, but many were not forthcoming with information helpful to finding fugitives. He used social media to attempt to gather leads about Defendant Moore's whereabouts and forwarded the leads to the United States Marshals Service. Deputy Marshal Paterno Valdenor testified that he was responsible for finding Defendant Moore. He followed up on leads provided to him and developed new leads but did not locate her. He searched multiple addresses in the L.A. area, pulled records of family members, searched phone records and cultivated several informants. One of the informants provided fruitful information and deputies located Defendant Moore visiting her grandmother in senior citizen housing in 2015, only to have Defendant Moore flee when deputies attempted to arrest her. Despite continued efforts to locate Defendant Moore, she evaded law enforcement detection until L.A.P.D. officers arrested Defendant Moore on November 8, 2016, for suspicion of robbery following a high speedy chase.

The delay from November 8, 2016, until her initial appearance in this district is reasonable as Defendant had been arrested and convicted in California and the state case was pending for that period. Defendant is still serving time on her state sentence, though a writ brought her into Federal custody following conclusion of the state case. Once in Federal custody, Defendant requested a continuance on more than one occasion, waiving her right to a speedy trial.

Defendant suffered some prejudice from the lengthy delay, but because the delay resulted from her attempts to elude capture rather than governmental negligence, any prejudice suffered does not justify dismissal of the Indictment. Had Defendant Moore been arrested at the same time as co-Defendants, the evidence would have been fresher, and she could have been involved in litigating the myriad of legal issues previously addressed in this case. The age of the evidence and previously decided law of the case prejudices Defendant Moore to some extent. However, because the Court

finds that the delay resulted from Defendant's decision to elude, she must bear the brunt of her choice.

Following the hearing, the Government submitted materials and a brief *ex parte* for the Court's review to ensure that no *Henthorn* materials required disclosure. Upon *in camera* review, the Court determines that no disclosures are required. The Court has reviewed the file and Motions and is fully informed. Accordingly,

**IT IS ORDERED** that Defendant N. Moore's Motion to Dismiss for Violation of Her Sixth Amendment Right to Speedy Trial, filed March 15, 2019, **ECF No. 4446**, is **DENIED** for the reasons stated above.

The District Court Executive is directed to file this Order and provide copies to counsel.

**DATED** this 10th day of June, 2019.

05-15-19

WM. FREMMING NIELSEN
SENIOR UNITED STATES DISTRICT JUDGE